IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31438
Conference Calendar

_____

DARIAN SLY,

Plaintiff-Appellant,

versus

ED C. DAY, JR.; ROBERT TANNER; QUYEN TRAN;
KATHY MCGINNIS; BESSIE CARTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-2277-J
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Darian Sly, Texas prisoner # 287746, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to FED. R. CIV. P. 12(b)(6). Sly's motion to amend his brief is DENIED. Sly argues that the defendants were deliberately indifferent to his serious medical needs relating to a bullet fragment in his left leg. He contends that he was subjected to suffering for three months, that he did not receive adequate treatment for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pain, and that referral to an orthopedic specialist was delayed. He contends that the specialist's orders for physical therapy were not carried out as prescribed, causing him to acquire a deformity in walking and standing.

Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a 42 U.S.C. § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Nor is a prisoner's disagreement with his medical treatment sufficient to state a claim under 42 U.S.C. § 1983. Id.

Sly himself characterizes the defendants' actions as "negligence" in his brief. Dr. Tran monitored Sly's leg condition frequently over a period of three months, and as Sly himself alleged, "when Dr. Tran saw that the problem had grew [sic] worse," Tran gave Sly Naprosyn for pain, referred him to the specialist, and ordered restrictions on walking. Sly's complaints about the fact that Tran did not take these steps sooner amount to nothing more than a disagreement with Dr. Tran's earlier assessments of his condition. The administrative defendants were not deliberately indifferent in relying on Dr. Tran's assessments in denying Sly's grievances. The delay in physical therapy is also attributable to negligence. The facts alleged, that the medical department had put in requests for therapy on two occasions, do not demonstrate deliberate indifference. The district court did not err in granting the

defendants' motion to dismiss.  Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)(*de novo* review).

Sly's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

Sly is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Sly that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.